IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD KHAN,                              *

Petitioner,                               *

v.                                        *          Civ. No. DLB-23-2164

WARDEN WILLIAM BAILEY,                    *

Respondent.                               *

**MEMORANDUM**

Donald Khan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. Warden William Bailey filed an answer to the petition, asserting it must be dismissed because Khan's only claim is non-cognizable upon federal habeas review and lacks merit. ECF 5. No hearing is necessary. *See* Rule 8(a), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; Loc. R. 105.6 (D. Md. 2025); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the following reasons, the petition is dismissed, and a certificate of appealability shall not issue.

I.      **Background**

On September 30, 2019, Khan was indicted in the Circuit Court for Baltimore City on 27 counts associated with the armed robbery of a 7-Eleven convenience store. ECF 5-1, at 3–10, 56–57. After a jury trial on February 5 and 6, 2020, Khan was convicted of armed robbery, conspiracy to commit armed robbery, theft of goods with a value between $100 and $1,500, conspiracy to commit theft, use of a handgun in the commission of a crime of violence, conspiracy to use a handgun in the commission of a crime of violence, wearing and carrying a handgun, and

conspiracy to wear and carry a handgun. *Id.* at 56; ECF 5-3, at 216–18. According to the Appellate Court of Maryland ("Appellate Court"), the following facts were adduced at trial:

> On September 2, 2019, Khan and his two confederates entered a 7-11 convenience store a little before 6:00 a.m., displayed a handgun, and stole money from the cash registers and cigarettes from the cabinets. Two of them wore masks, and they all wore hooded sweatshirts with the hood up. The episode was video recorded by the store's surveillance cameras, and footage from them was shown to the jury. An employee, Peter Ongwesa, said that after the assailants left, he locked the door, and his manager pressed a panic button which summoned the police.
>
> The assailants all left the premises in one vehicle, which the police would later learn had been stolen. When a police officer made a U-turn and began following the vehicle, the vehicle sped off. Other police officers also gave chase, eventually stopped the vehicle, and apprehended two of its recent occupants after a brief foot chase. Another police officer located [Khan] as the sole passenger of an MTA public transportation bus. The officer said that he saw [Khan] change seats before the officer boarded the bus. Near [Khan's] original seat was $182 in cash. Hidden in one of the bundles of cash was a global positioning tracking device that allowed a company called 3SI Security to track the movement of the device[] and relay that information to the police in real time. When the police arrested [Khan], he was wearing clothing that matched the description given to police by the witnesses and seen in the 7-11 security camera footage.
>
> On the ground near the stopped vehicle from which the assailants fled, the police found, among other things, a 7-11 shopping bag and a backpack filled with packs of cigarettes, and a black pistol.
>
> [Khan] did not testify and called no witnesses.

ECF 5-1, at 56–57. The trial court sentenced Khan to 40 years' imprisonment with all but 15 years suspended, to be followed by three years' probation. ECF 5-4, at 13–18.

Khan challenged his conviction by direct appeal to the Appellate Court. ECF 5-1, at 21–39. He asserted a single assignment of error:

> The trial court erred in admitting the 7-11 video surveillance recording without proper foundation.

*Id.* at 23. On February 11, 2021, the Appellate Court affirmed Khan's conviction. *Id.* at 55–59. Khan filed a petition for a writ of certiorari to the Supreme Court of Maryland, which denied the petition. *Id.* at 60–65, 72.

Khan filed his petition for writ of habeas corpus in this Court on August 4, 2023, alleging a single claim:

> The trial court erred in admitting the 7-11 video surveillance recording without proper foundation.

ECF 1, at 6. The respondent argues that the petition should be dismissed because the claim is non-cognizable on federal habeas review and lacks merit. ECF 5. Khan filed a reply reiterating the merits of his claim. ECF 6.

## II.        Standard of Review

A state prisoner's application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Section 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet" and requires reviewing courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v. Woodall*, 572 U.S. 415, 419–20 (2014) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement") (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state's adjudication is contrary to clearly established federal law under § 2254(d)(1) when the state court (1) "arrives at

a conclusion opposite to that reached by [the Supreme] Court on a question of law" or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under § 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id*. (quoting *Williams*, 529 U.S. at 410) (emphasis removed). "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010).

Further, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination." *Id.* (quoting *Rice v. Collins*, 546 U.S. 333, 341–342 (2006)).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have

"resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id*. at 379.

### III.      Analysis

In his sole ground for relief, Khan contends that the trial erred when it admitted a surveillance video into evidence at trial. ECF 1, at 6. The respondent argues that the claim is not cognizable on federal habeas review and lacks merit. ECF 5. The Court agrees.

The first witness to testify at trial was Peter Ongwesa, who was working as a clerk at the 7-Eleven on the night of the robbery. ECF 5-2, at 170–89. Ongwesa testified that shortly before 6:00 a.m. on September 2, 2019, three men entered the store, and one had a gun. *Id.* at 171–72. The three men proceeded to empty the register and fill bags with money and cigarettes. *Id.* at 172. During Ongwesa's testimony, the prosecutor entered into evidence the surveillance video from the 7-Eleven store capturing the robbery as Exhibits 1A, 1B, and 1C. *Id.* at 175–81. Ongwesa testified that the video was a fair and accurate representation of what happened on September 2, 2019. *Id.* at 177, 179–81. The defense objected to the introduction of the video, arguing lack of foundation because Ongwesa "wasn't able to testify about the video equipment" and was "not the one who pulled" the video. *Id.* at 177–81. The trial court overruled the objection and permitted the evidence. *Id.* at 179–81.

On direct appeal, Khan argued that the admission of the surveillance video was a violation of Md. Rule 5-901(a) because Ongwesa lacked the requisite knowledge and information regarding the operation of the surveillance system and cameras. ECF 5-1, at 31–36. The Appellate Court disagreed:

> Maryland Rule 5-901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The Rule requires that the trial court "determine that there is proof from

> which a reasonable juror could find that the evidence is what the proponent claims it to be." *Sublet v. State*, 442 Md. 632, 678 (2015).
>
> ***
>
> However, because Ongwesa testified that the video recordings were what they purported to be, i.e., fair and accurate representations of what occurred at the time of the robbery, the State satisfied its obligation to authenticate the video recordings and the court properly exercised its discretion in admitting the evidence over appellant's objection.

*Id.* at 58–59.

Claims based on state court rulings regarding the admission and exclusion of evidence are cognizable on federal habeas review only when they violate specific constitutional provisions or are so egregious as to render the entire trial fundamentally unfair, thus violating the Due Process Clause of the Fourteenth Amendment. *Spencer v. Murray*, 5 F.3d 758, 762 (4th Cir. 1993) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)).

Kahn has not alleged, and cannot establish, that admission of the video evidence (even if it violated Maryland Rules) violated a specific constitutional provision. Nor has Kahn established that the admission of the video evidence was so egregious that it rendered his trial fundamentally unfair. The video evidence was cumulative of and consistent with other evidence. Ongwesa testified that the video accurately represented what he witnessed the night of the robbery. ECF 5-2, at 177, 179–81. Moreover, the state introduced additional inculpatory evidence including testimony that police found Khan on a city bus shortly after the robbery as the sole passenger, ECF 5-3, at 11, 13–17, and also found money on the bus, *id.* at 17, which included a tracking device that belonged to 7-Eleven, *id.* at 85. The lead detective, Evan Zimrin, testified that when Khan was found on the bus, he was wearing clothing that matched the description provided by the victims. *Id.* at 132. Thus, the video evidence corroborated other reliable evidence. Its admission into evidence did not violate a specific constitutional provision or render his trial fundamentally unfair.

The Appellate Court's denial of Kahn's evidentiary claim was neither contrary to nor an unreasonable application of federal law, and his sole claim for habeas relief is without merit.

**IV.       Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.*

Khan has failed to satisfy the applicable standard on any of his claims. Therefore, a certificate of appealability shall not issue.

A separate order dismissing the petition and denying a certificate of appealability follows.


May 22, 2026                                        _____
Date                                                     Deborah L. Boardman
                                                             United States District Judge

7